On motion to Dismiss.
The opinion of the court was delivered by
Marr, J.
Under executory process, issued by the parish court of 'St. Martin, at the suit of Maraist, Eournet & Co., Delahoussaye, then ■sheriff, on the first November, 1873, sold the mortgaged property for ■cash.
*726 Emile Babin, in his capacity as administrator of the succession of widow Babin, filed an opposition, claiming the proceeds of the sale as mortgage creditor, with vendor’s privilege; and the liquidator of the commercial firm of 0. H. Mouton & Oo. also claimed, by way of opposition, priority of right as mortgage creditors.
By judgment of 11th August, 1876, the parish court dismissed the opposition of the liquidator of Mouton & Co. as in case of nonsuit; and; ordered the sheriff to pay to Babin the entire proceeds of the sale.
In July, 1878, Babin took a rule on Delahoussaye, who was no longer sheriff, to compel him to pay the proceeds in accordance with the-judgment of 11th August, 1876. This rule was made absolute. St. Germain, the purchaser of the property at the sale, 1st November, 1873, and the liquidator of Mouton & Co., who were not parties to the rule, alleging their respective interests, appealed separately. Babin moves to dismiss for want of jurisdiction; and he alleges that, if the case be appealable, the appeal should have been taken to the district court.
The mortgage in favor of Maraist, Eournet & Co., under which the property was sold, was given to secure four notes, amounting to §500,. exclusive of interest. We assume, therefore, that the parish, court had jurisdiction to order the seizure and sale. Constitution, art. 87; Decklar’s case, 30 An. 410.
The price of the adjudication to St. Germain was $1745; and the amount claimed by the opponents respectively, was about $1300, exclusive of interest. The law requires conflicting claims of privilege and rights of mortgage to be adjusted and classed in the court under the process of which the sale is made. Rev. Stats, sec. 2903; R. C. P. art. 126. Adams vs. Daunis, 29 An. 420. We assume, therefore, that the parish court had jurisdiction of the oppositions, and to enforce the payment of the proceeds in the hands of the sheriff, in accordance with its decree settling the question of privilege and preference.
The jurisdiction of this court, in civil cases, “ when the matter in dispute shall exceed $500,” is fixed by the constitution, art. 74, beyond question. The appeal is direct to this court in criminal eases falling within its jurisdiction; and in cases in which the constitutionality or legality of any tax * * * or any fine * * * imposed by a municipal corporation shall be in contestation. If art. 74 stood alone, the appeal would be direct to this court from the tribunal in which the case originated; but arts. 85 and 87, in plain terms, give appellate jurisdiction to the district courts in all ordinary civil cases “when the amount in contestation exceeds $100, exclusive of interest.” Article 88 gives an appeal directly to this court “in all probate matters, when the amount in dispute should exceed $500, exclusive of interest.” With these exceptions there is no direct appeal from the parish courts to this court.
*727 We had occasion to consider this subject in Newman vs. Cuney, 30 An. 1201; and our conclusion was that when the capital sum in controversy was above $100, the appeal from the parish court was to the district court; and if the interest and capital should exceed $500, an appeal would lie from the district court to this court.
We limit our decree to the simple decision that we have no jurisdiction of the appeals taken in this case; and the rights of all parties in interest are reserved, precisely in the condition in which they would have been if no appeal had been taken.
The motion to dismiss is maintained; and the appeals are dismissed at the cost of appellants.
Mr. Justice DeBlanc, being recused, takes no part in this decision